```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

UNITED STATES OF AMERICA,

                Plaintiff,

vs.                           Case No.   2:05-cr-71-FtM-33DNF

TERRENCE DENMARK,

                Defendant.
_____/

## **ORDER**

This matter comes before the Court on Defendant's Motion to Sever Defendant and Misjoined Counts (Doc. # 204) filed on October 11, 2005.  The Government filed if Response in Opposition (Doc. # 213) on October 20, 2005.

### I.  **Background**

Defendant Denmark is named in Count One of a six-count superseding indictment charging twenty-three individual defendants with drug-related charges (Doc. # 7).  Count One, the only count Defendant Denmark is named in, charges that all of the defendants "did knowingly and willfully combine, conspire, confederate and agree with each other and other persons . . . to distribute five (5) kilograms or more of a mixture or substance containing a detectable amount of cocaine . . . and to distribute fifty (50) grams or more of a mixture or substance containing cocaine base . . ." (Doc. # 7 at 2).  Count Two charges Antonio Payne with distributing cocaine, Count Three charges Jonathan E. Foster with distributing cocaine base, Count Four charges Dwayne L. Hardwick

and Antonio Payne with possession of cocaine base with intent to distribute, Count Five charges Antonio Payne with distributing cocaine, and Count Six charges Antonio Payne with possession with intent to distribute cocaine. (Doc. # 7).  As noted <u>supra</u>, Defendant Denmark is named in Count One only.

In the motion <u>sub judice</u>, Defendant Denmark requests that this Court sever the separate charges against him and the trial from his co-defendants pursuant to Federal Rules of Criminal Procedure 8 and 14.

Upon due consideration, this Court finds that Defendant's motion to sever should be denied in its entirety.

## II. <u>Standard of Review</u>

A District Court's denial of a motion to sever is reviewed for abuse of discretion. <u>United States v. Walser</u>, 3 F.3d 380, 385 (11th Cir. 1993).  The Eleventh Circuit "will not reverse the denial of a severance motion absent a clear abuse of discretion resulting in compelling prejudice against which the district court could offer no protection." <u>Id.</u>  As stated in <u>United States v. Schlei</u>, a defendant can demonstrate compelling prejudice by showing that "the jury was unable to sift through the evidence and make an individualized determination as to each defendant." 122 F.3d 944, 984 (11th Cir. 1997)(citations omitted).  In addition, the Eleventh Circuit has noted, "This Court is reluctant to reverse a district court's denial of severance, particularly in conspiracy cases, as

generally persons who are charged together should also be tried together." United States v. Knowles, 66 F.3d 1146, 1158 (11th Cir. 1995)(citations omitted).

**III. Analysis**

    **A.   Initial Joinder**

In order to ascertain whether severance of the counts and defendants in this cause is necessary, the Court must first ascertain whether initial joinder of the offenses and defendants in the same indictment was appropriate under Rule 8 of Federal Rules of Criminal Procedure. United States v. Montes-Cardenas, 746 F.2d 771, 776 (11th Cir. 1984). Federal Rule of Criminal Procedure 8(a) states:

> (a) Joinder of Offenses. The indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged–whether felonies or misdemeanors or both–are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan.
>
> (b) Joinder of Defendants. The indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses. The defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count.

According to United States v. Hersh, "Rule 8(a) is construed broadly in favor of initial joinder, allowing joinder of offenses that are of the same or similar character, even if such offenses do not arise at the same time or out of the same series of acts or

transactions." 297 F.3d 1233, 1240 (11th Cir. 2002)(internal citations omitted). The burden of establishing that the initial joinder was proper lies with the Government. Montes-Cardenas, 746 F.2d at 776.

While Defendant argues that Count One is not based on the same transactions as Counts Two through Six, and that the counts are not connected, this Court agrees with the Government that "[t]he offenses charged are of the same nature and related to common conspirators, including the Defendant." (Doc. # 213 at 3). Defendant fails to assert any specific argument that his initial joinder with the co-defendants in this case was improper. Thus, this Court finds that the Government has met its burden of showing that the initial joinder of counts and defendants was proper under Rule 8.

**B.  Severance**

Even where initial joinder is appropriate under Rule 8, Fed.R.Crim.P., the Court may order separate trials of counts and defendants when necessary pursuant to Rule 14(a), Fed.R.Civ.P., which states:

> Relief: If the joinder of offenses or defendants in an indictment, information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

In deciding a motion for severance, the Court "must balance the right of a defendant to a fair trial against the public's

interest in efficient and economic administration of justice." United States v. Zielie, 734 F.2d 1447, 1464 (11th Cir. 1984). More specifically, the Eleventh Circuit has interpreted Rule 14 to require a Defendant seeking severance to demonstrate specific and compelling prejudice arising from a joint trial. United States v. Leavitt, 878 F.2d 1329, 1340 (11th Cir. 1989). The level of prejudice claimed by the party seeking severance must amount to "fundamental unfairness." Knowles, 66 F.3d at 1159.

As noted supra, a defendant can show compelling prejudice by demonstrating that the jury would not be able to separate the evidence relevant to each count and defendant Id. The Eleventh Circuit has also described this test as follows: "The test for assessing compelling prejudice is whether under all of the circumstances of a particular case it is within the capacity of jurors to follow a court's limiting instructions and appraise the independent evidence against a defendant solely on that defendant's own acts, statements, and conduct in relation to the allegations contained in the indictment and render and fair and impartial verdict." Walser, 3 F.3d at 386-387.

Further, instructions to the jury which require the jury to consider the evidence separately as to each defendant and count have been held to be adequate safeguards against prejudice due to joinder. United States v. Kopituk, 690 F.2d 1289, 1320 (11th Cir. 1982). It should be further noted that jurors are presumed to

5

follow the instructions given by the trial judge. <u>United States v. Shenberg</u>, 89 F.3d 1461, 1472 (11th Cir. 1996).

In this case, Defendant has not met his burden of establishing compelling prejudice with regard to joinder of the counts or the defendants.

### 1.  **Severance of Counts**

Defendant argues that Count One should be severed from Counts Two through Six, but fails to make any specific arguments regarding the facts and circumstances of this case that demonstrate compelling prejudice.[1] Defendant simply asserts that Count One is "separate from" the other counts and "not connected" to the other counts. Defendant has failed to make a convincing argument of "compelling prejudice" and has failed to demonstrate that a jury would be incapable of separating the evidence in this case as to the distinct counts, and would be unable to reach a fair verdict.

Thus, at this stage of the case, this Court determines that severance of Count One is not required.

### 2.  **Severance of Defendants**

Defendant argues that his trial should be severed from the trial of the other defendants for a variety of separate reasons. He argues that <u>Burton</u> problems will cause unfair prejudice, he

---

[1] A claim of compelling prejudice must be specific and based in fact as "bare allegations [which give] the trial judge no factual basis on which to evaluate any prejudice" are insufficient. <u>Montes-Cardenas</u>, 746 F.2d at 778.

argues that he will offer defenses "antagonistic" to the defenses of his co-defendants, and he argues that much of the evidence that the Government will present will apply to other defendants and not Denmark.

With regard to the Bruton issues, the Court agrees with the Government that, at this stage of the case, where no specific confession evidence has been brought to fore, any Burton problems can be cured via redaction or cross examination.[2] Thus, severance is not required under Bruton.

Defendant also argues that severance is appropriate because Defendant Denmark plans to assert defenses that are antagonistic to the defenses that his co-defendants will offer.[3] As to Defendant's

---

[2] In Bruton v. United States, 391 U.S. 123, 126 (1968), the Supreme Court held that the Confrontation Clause of the Sixth Amendment was violated when the confession of one defendant, which implicated another defendant, was considered by the jury at a joint trial of the defendants, and the confessing defendant failed to take the witness stand to allow cross examination by the other defendant who was implicated by the confession. The Supreme Court so held despite the fact that the jury was instructed to consider the confession evidence only against the defendant who gave the confession. However, in Richardson v. Marsh, 481 U.S. 200, 211 (1987), the Supreme Court determined that the Confrontation Clause was not violated by the admission of a non-testifying defendant's confession so long as references to an implicated co-defendant were redacted.

[3] The Eleventh Circuit has ruled, "In order to compel severance, the defenses of co-defendants must be more than merely antagonistic, they must be antagonistic to the point of being mutually exclusive. Put another way, defenses can only be found to be antagonistic if the jury, in order to believe the core of testimony offered on behalf of one defendant must necessarily disbelieve the testimony offered on behalf of his codefendant." Knowles, 66 F.3d at 1159.

"antagonistic defenses" argument, the Court agrees with the Government that Defendant has failed to assert any specific argument demonstrating that the defenses Defendant plans to assert are antagonistic to the defenses of his co-defendants.  Defendant Denmark's arguments on this point are too vague to warrant consideration.

In addition, Defendant argues that a majority of the evidence that the government will likely introduce will not apply to him.[4]  However, as stated in Schlei, 122 F.3d at 984, "A defendant does not suffer compelling prejudice, sufficient to mandate severance, simply because much of the evidence at trial is applicable only to co-defendants."  Accordingly, severance is not warranted on this ground.

## IV. Conclusion

This Court agrees that defendants who are charged together should be tried together.  Knowles, 66 F.3d at 1158.  Defendant has not met his burden of establishing compelling prejudice to him that cannot be cured by an instruction advising the jury to consider

---

[4] Specifically, Defendant argues, "[T]he government will introduce overwhelming evidence  relating to Antonio Payne's organization and cocaine trafficking and his criminal activities and associates in cocaine distribution and the potential for unfair prejudice to defendant is both obvious and compelling, the prejudicial spillover is clear and guilt by association is unavoidable in this case." (Doc. # 204 at 3).

each defendant and each offense separately.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Defendant's Motion to Sever Defendant and Misjoined Counts (Doc. # 204) is **DENIED.**

**DONE** and **ORDERED** in Chambers in Ft. Myers, Florida, this 25th day of October, 2005.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:

All Counsel of Record